UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE R. CABRERA JR., Individually and On Behalf of All Others Similarly Situated,

                Plaintiff,

-against-

TAHOE RESOURCES INC., RONALD W. CLAYTON, C. KEVIN McARTHUR, ELIZABETH DIANNE McGREGOR, and MARK T. SADLER,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/2018
```

17 Civ. 5155 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      This is a securities class action brought on behalf of a putative class of investors ("the Class") who purchased or otherwise acquired Tahoe Resources, Inc. ("Tahoe") securities between April 3, 2013 and July 5, 2017. Compl., ECF No. 1. The Class claims Tahoe and its officials (collectively, "Defendants") violated federal securities law by making false or misleading statements, and seeks relief under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, *see* 15 U.S.C. §§ 78j(b), 78t(a), as well as Securities Exchange Commission Rule 10b-5, *see* 17 C.F.R. § 240.10b-5. *Id*.

      Lead Plaintiff, Kevin Nguyen, moves for an order to transfer venue to the District of Nevada's Southern Division for all purposes.[1] Pl. Mot., ECF No. 30; Pl. Mem., ECF No. 31. Defendants do not oppose transfer, but note, correctly, that transfer from this district to the District of Nevada's Southern Division does not preclude Defendants from requesting another transfer at a later date. Defs. Resp. at 5–6, ECF No. 33. For the reasons stated below, Plaintiff's motion is GRANTED in part and DENIED in part.

      A court performs a two-part inquiry when determining if transfer is appropriate. First, the court determines if the action is one that "might have been brought in the transferee court." *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (internal quotation marks omitted). Then, the court evaluates whether transfer is appropriate based on the "convenience of parties and witnesses," and "the interest of justice." 28 U.S.C. § 1404(a); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting out factors for § 1404(a) analysis).

      Here, the prerequisites for transfer to the District Court of Nevada's Southern Division are satisfied. This action could have been filed in that court. It is undisputed that at the time of filing, the District of Nevada's Southern Division would have had personal jurisdiction and

---

[1] Lead Plaintiff represents that this case is related to a case currently pending before Judge Richard F. Boulware II in the District of Nevada's Southern Division: *Attigui v. Tahoe Resources Inc., et al.*, No. 17 Civ. 1868.

subject matter jurisdiction over the Defendants, and venue would have been proper in that court. Pl. Mem. at 4–5; Def. Resp. at 1–2. Transfer is also appropriate based on the convenience of the parties, the relative means of the parties, deference to the plaintiff's choice of forum, and judicial economy. *See N.Y. Marine,* 599 F.3d at 112. The individual defendants reside in Nevada, the corporate Defendant has comparatively greater means than Plaintiff, and there is a related case pending in the transferee court.

This order does not affect the parties' abilities to make further motions to transfer, with the possible exception of a motion to transfer back to the Southern District of New York. *See, e.g.*, *People's United Bank v. PeoplesBank*, No. 08 Civ. 1858, 2009 WL 928641 at *1–2 (D. Conn. Apr. 6, 2009) (denying transfer back to transferor court); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (holding that "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance," but should refrain from doing so absent "extraordinary circumstances"). Whether any further motions to transfer should be granted is a question for the transferee court.

The Clerk of the Court is directed to transfer this case to the United States District Court for the District of Nevada's Southern Division, terminate the motion at ECF No. 30, and close the case.

SO ORDERED.

Dated: May 14, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge

2